UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2850-B |
| | § | |
| THE RAUSCH GROUP & | § | |
| ASSOCIATES, LLC, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff Carlos Morales's Motion for Default Judgment (Doc. 8), filed August 7, 2020. For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Morales's motion.

I.

BACKGROUND[1]

This is a Fair Debt Collection Practices Act (FDCPA) suit. On November 27, 2019, Morales filed a complaint against The Rausch Group & Associates, LLC, alleging Rausch violated the FDCPA when, on or around October 17, 2019, its representatives phoned Morales and sent a letter to him in reference to an alleged medical debt. *See generally*, Doc. 1, Compl.

First, Rausch called Morales, but Morales terminated the call. Doc. 8-1, Aff. of Pl., ¶ 6. The same day, Rausch called Morales's employer "about wage garnishment," and Morales's employer notified Morales of the call. *Id.* ¶¶ 7–9. Morales "immediately" attempted to contact Rausch, but

---

[1] The Court draws the facts from Morales's complaint (Doc. 1) and affidavit (Doc. 8-1).

Rausch did not answer his call. *Id.* ¶ 10. Rausch's representative then returned Morales's call and informed him of a fifteen-year-old outstanding hospital bill in the amount of $3,877.74. *Id.* ¶ 11. The representative informed Morales that Rausch mailed Morales letters seven years ago regarding this debt, but Morales claims he never received them. *Id.* ¶¶ 12–13. Rausch's representative also told Morales that if he did not pay the hospital bill immediately, Rausch would sue him. *Id.* ¶ 14. Later, Morales received "an electronic letter" from Rausch. *Id.* ¶ 15. The letter did not state the current legal owner of the debt—only that Dallas Regional was the original creditor. *Id.* ¶ 16. The letter threatened that Rausch would sue Morales on the debt and initiate liens on his "automobile, assets, and real estate" if he did not settle the debt. *Id.* ¶¶ 17–18. However, in the letter, Rausch stated that it would accept $2,700.00 to satisfy the debt if Morales paid immediately. *Id.* ¶ 20. Morales paid Rausch $2,700.00 to satisfy the debt. *Id.* ¶¶ 25, 32. Based on the letter, Morales thought a judgment had been obtained against him, that attorneys were involved, and that if he did not pay, his assets would be taken and his wages garnished. *Id.* ¶¶ 27–28.

In this action against Rausch, Morales now first asserts that the statute of limitations to collect on the debt had expired when Rausch collected it, and Rausch thus violated the FDCPA by attempting to collect a time-barred debt. Doc. 1, Compl., ¶¶ 28–42, 47c, 47f. Second, Morales alleges that Rausch, through its representatives, failed to disclose its status as a debt collector as required under 15 U.S.C. § 1692e(11). *Id.* ¶ 47h. Third, Morales sues under other various sections of the FDCPA but fails to support these violations with specific factual allegations. *See id.* ¶ 47 (listing alleged violations of the FDCPA).

Last, Morales alleges that as a result of Rausch's violations, he "has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish, and emotional distress." *Id.* ¶ 48.

Therefore, Morales seeks compensatory, actual, and statutory damages under 15 U.S.C. § 1692k, costs and attorneys' fees, and any other relief the Court deems appropriate. *Id.* at 7. Morales served Rausch on December 4, 2019. *See* Doc. 5-1, Proof of Service, 2. To date, Rausch has not answered or otherwise made an appearance in this case. Consequently, Morales requested the Clerk enter default against Rausch on February 5, 2020, Doc. 5, Request, 1, which it did that same day. Doc. 6, Clerk's Entry of Default. Subsequently, the Court ordered Morales to file any motion for default judgment on or before August 7, 2020. Doc. 7, Order, 1. Morales moved for a default judgment against Rausch on August 7, 2020. Doc. 8, Mot. for Default J., 1. The Court now considers that motion.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for the entry of default judgments in federal court. According to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b)(2).

That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citations omitted). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548

F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether to enter default judgment against a defendant, courts have developed a three-part analysis. *See, e.g., id.* (citation omitted). First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) "whether material issues of fact" exist; (2) "whether there has been substantial prejudice"; (3) "whether the grounds for default are clearly established"; (4) "whether the default was caused by a good faith mistake or excusable neglect"; (5) "the harshness of a default judgment"; and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, the Court is to assume that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, the "defendant is not held to admit facts that are not well pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002)). Normally, courts should not award damages without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.

1979). However, if the "amount claimed is a liquidated sum" or damages can be determined by mathematical calculation, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III.

### ANALYSIS

Applying this three-part analysis, the Court concludes that a default judgment is procedurally warranted and supported by a sufficient factual basis in Morales's complaint. But because the Court cannot determine the amount of damages by reference to information in the pleadings and supporting documents, it will not award damages at this time. *See James*, 6 F.3d at 310. Thus, while Morales is entitled to a default judgment against Rausch, Morales will take nothing at this point.

A.     *Whether a Default Judgment is Procedurally Warranted*

After reviewing Morales's motion in light of the six *Lindsey* factors, the Court finds that default judgment is procedurally warranted. First, Rausch has not filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Second, Rausch's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [Morales's] interests." *Ins. Co. of the W.*, 2011 WL 4738197, at *3 (citing, *inter alia*, *Lindsey*, 161 F.3d at 893). Third, there is no evidence before the Court to indicate that Rausch's silence is the result of a "good faith mistake or excusable neglect. . . ." *Lindsey*, 161 F.3d at 893 (citation omitted). Fourth, Rausch has completely failed to respond to Morales's complaint for nearly a year, mitigating the harshness of a default judgment. *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013). Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if

challenged by Rausch. *Lindsey*, 161 F.3d at 893. Thus, Morales has met the procedural requirements for default judgment.

B.    *Whether the Pleadings Contain a Sufficient Basis for Judgment*

In light of the entry of default, Rausch is deemed to have admitted the allegations set forth in Morales's complaint. Nonetheless, the Court must review the pleadings to determine whether they present a sufficient basis for Morales's claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206. In conducting this analysis, the Fifth Circuit looks to the Rule 8 case law for guidance:

> Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Detailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation.

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (alterations incorporated) (citations and quotation marks omitted). Below, the Court analyzes Morales's FDCPA claims in light of Rule 8.

1.    Violations based on the statute of limitations

At least two of the FDCPA violations alleged by Morales appear to be premised upon his debt being time-barred, so the Court will address that argument first. *See* Doc. 1, Compl., ¶¶ 28–42. Texas law imposes a four-year statute of limitations for debt collection that begins to run "after the day the cause of action accrues." *See* Tex. Civ. Prac. & Rem. Code § 16.004(a)(3). Here, Morales alleges that the hospital bill was for services rendered over fifteen years ago and that Rausch stated over the phone that it first sent Morales collection letters seven years ago. Doc. 8-1, Aff. of Pl., ¶¶ 5, 12.

- 6 -

Additionally, Morales states he "has not made a payment" on the debt in over fifteen years. Doc. 1, Compl., ¶ 28. Morales fails to allege any other specific information about the timing of the debt. Rather, his statute-of-limitations allegations are conclusory in nature. *See, e.g.*, Doc. 1, Compl., ¶ 42 ("Defendant could not legally file a lawsuit against Plaintiff because the statute of limitations for the debt had expired."); *id.* ¶¶ 34–37. Notably, Morales's "complaint is devoid of any allegations as to when the debt in question was due, or when [Morales] defaulted, if at all." *Jung v. Accredited Mgmt. Sols. LLC*, 2020 WL 4569994, at *3 (S.D. Tex. Aug. 6, 2020) (citation omitted). Thus, Morales has not sufficiently pleaded his FDCPA claims premised upon Rausch's collection of a time barred debt—his claims under 15 U.S.C. § 1692e(2)(A) and § 1692e(5). *See* 2020 WL 4569994, at *3; Doc. 1, Compl., ¶¶ 47c, 47f.

    2.    <u>Violation of 15 U.S.C. § 1692e(11)</u>

In addition, Morales alleges that Rausch failed to disclose in its initial correspondence that the communication was from a debt collector attempting to collect a debt. Doc. 1, Compl., ¶¶ 16, 18. Under the FDCPA, "if the initial communication with the consumer is oral, in that initial oral communication . . . the debt collector [must disclose that it] is attempting to collect a debt and that any information obtained will be used for that purpose . . . ." § 1692e(11). The debt collector must also disclose in subsequent communications that the communication is from a debt collector. *Id.* Here, Morales specifically alleges that Rausch identified itself in the letter as representing the current legal owner of the debt but "failed to disclose that the [letter] was from a debt collector attempting to collect a debt . . . ." Doc. 8-1, Aff. of Pl., ¶¶ 14–16; Doc. 1, Compl., ¶ 18. Taking Morales's allegations as true, Rausch failed to identify itself as a debt collector in at least one instance, thereby violating § 1692e(11).

- 7 -

3.    Violation of 15 U.S.C. § 1692e(4)

Further, Morales alleges a violation of § 1692e(4) of the FDCPA. To violate this provision, Rausch must have "represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." § 1692e(4). Morales alleges that Rausch's representative threatened to sue him, initiate liens on his assets, and garnish his wages. Doc. 1, Compl., ¶ 26. However, Morales fails to explain how these threatened actions were unlawful or that Rausch did not intend to take these actions. If the actions would be unlawful only based on Morales's assumption that the debt was time-barred, Morales's claim fails because the Court has already rejected this assumption. In the absence of other factual allegations to support the § 1692e(4) claim, it fails.

4.    Violation of 15 U.S.C. § 1692e(3)

Morales also claims that Rausch's representative "[f]alsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney. . . ." Doc. 1, Compl., ¶ 47d. While the Court acknowledges that Morales believed attorneys were involved "[b]ased on the language of the letter," Doc. 8-1, Aff. of Pl., ¶ 27, he does not allege any facts suggesting that the representative implied he was an attorney. Thus, the Court does not find a violation under § 1692e(3).

5.    Remaining violations

Morales alleges violations of numerous subsections of § 1692 with little-to-no explanation for each violation. To the extent that the Court could examine the factual basis for a violation, it has done so above. However, the Court will not address the remaining alleged violations, which are

wholly devoid of explanation. These include the alleged violations of §§ 1692d, 1692e, 1692e(10), 1692f, and 1692g(a). *See* Doc. 1, Compl., ¶ 47 (reciting the statutory language with no factual support).

C.      *Whether the Court Can Ascertain Damages*

"The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages; establish the truth of any allegation by evidence; or . . . investigate any other matter." Fed. R. Civ. P. 55(b)(2). "[W]here the amount claimed is a liquidated sum or one capable of mathematical calculation," however, a Court may enter judgment without a hearing. *James*, 6 F.3d at 310.

Here, Morales asks for: (1) compensatory damages; (2) actual damages; (3) statutory damages; (4) costs; and (5) reasonable attorneys' fees under 15 U.S.C. § 1692k(a). Doc. 1, Compl., 7. The Court must now determine whether his motion, along with its attached affidavits, is sufficient to allow the Court to award Morales damages.

1.      Compensatory damages

Morales asks for $2,700.00 in compensatory damages, which he says represents the amount he was pressured to pay for the debt. Doc. 8-1, Aff. of Pl., ¶ 34. To support this allegation, he explains in his affidavit that he allowed Rausch to charge his American Express account in the amount of $2,700. *Id.* Because Morales "has offered no other evidence," such as a receipt, "to demonstrate he did indeed make a . . . payment in this amount, the Court does not find it appropriate to grant compensatory damages" without supplemental briefing and/or evidence. *See Ramsey v. Delray Capital LLC*, 2016 WL 1701966, at *11 (N.D. Tex. Apr. 28, 2016).

2.    Actual damages

Morales also seeks actual damages in the amount of $4,800.00 for personal humiliation, embarrassment, mental anguish, and emotional distress stemming from the phone calls. *See* Doc. 8, Mot. for Default J., 5. In support, he states in his affidavit that Rausch's calls and statements made him "stressed, worried, and anxious," in turn causing "severe headaches," aggravation of blood pressure issues, "trouble sleeping," and an inability "to repair the foundation on [his] home due to lack of funding." Doc. 8-1, Aff. of Pl., ¶¶ 28–29, 41–45. The Court will not award $4,800.00 based on these sparse allegations. While Morales "may indeed be entitled to actual damages for mental anguish, the Court declines his request here without more than his [affidavit]'s sparse statements." *Ramsey*, 2016 WL 1701966, at *6.

3.    Statutory damages

Morales seeks $1,000.00 in statutory damages. *See* Doc. 8, Mot. for Default J., 5. "[A] plaintiff need not establish actual damages to recover [statutory damages] under the FDCPA." *In re Eastman*, 419 B.R. 711, 733 (Bankr. W.D. Tex. 2009) (citing *Neild v. Wolpoff & Abramson, LLP*, 453 F. Supp. 2d 918, 924 (E.D. Va. 2006); *Prophet v. Myers*, 645 F. Supp. 2d 614, 617 (S.D. Tex. 2008)). In awarding statutory damages, the Court considers factors including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . . ." *Id.* (quoting 15 U.S.C. § 1692k(b)(1)).

The Court declines to award statutory damages absent more specific evidence. Accordingly, it will wait until Morales has provided supplemental briefing on compensatory and actual damages.

4.    Costs and attorneys' fees

Last, Morales requests $7,466.00 in attorneys' fees and court costs, attaching supporting

- 10 -

affidavits from his lawyers, along with their accounting of tasks related to his suit. Doc. 8, Mot. for Default J., 5–9; Doc. 8-2, Att'y Hours Billed, 2; Doc. 8-3 Att'y Biographies & Affs. While this documentation would otherwise be sufficient for this Court to determine attorneys' fees, such an award under the FDCPA requires a plaintiff to succeed on an action to enforce a defendant's liability under the statute. If a plaintiff "fail[s] to enforce any liability for actual or additional damages against [a defendant]," then he "does not meet the explicit requirement of § 1692k(a)(3)," which requires he "bring a successful action to enforce the foregoing liability, in order to receive attorneys' fees and costs." *Johnson v. Eaton*, 80 F.3d 148, 151 (5th Cir. 1996) (quotation marks omitted). Thus, while this Court does not rule out an award of attorneys' fees in the future, Morales must first prove actual or additional damages.

## IV.

### CONCLUSION

In sum, the Court concludes that a default judgment against Rausch is both procedurally and substantively warranted. Thus it **GRANTS** Morales's Motion for Default Judgment (Doc. 8) on the 15 U.S.C. § 1692e(11) claim, but **DENIES** the motion insofar as it seeks relief under any other FDCPA provision.

However, in light of the fact that Morales has failed to submit sufficient evidence to allow this Court to calculate a specific damages figure—and because attorneys' fees are contingent upon a plaintiff receiving actual damages—the Court will not award Morales damages at this time. Accordingly, on or before **November 24, 2020**, Morales must submit additional documentary proof other than his affidavit to demonstrate that he wired the $2,700.00 and suffered mental anguish. Without this material support, the Court will not award Morales actual or compensatory damages.

Should Morales demonstrate he is entitled to actual or compensatory damages, the Court will then consider the issue of attorneys' fees.

        SO ORDERED.

        SIGNED: November 10, 2020.


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE