UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2850-B |
| | § | |
| THE RAUSCH GROUP & | § | |
| ASSOCIATES, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Carlos Morales's Additional Documentary Proof of Plaintiff's Damages (Doc. 10), a filing supplementing Morales's Motion for Default Judgment (Doc. 8). Though the Court already granted Morales's motion for default judgment, it deferred ruling on his request for damages. Upon reviewing Morales's supplemental documentation, the Court **GRANTS IN PART** and **DENIES IN PART** Morales's request for damages.

## I.

## BACKGROUND[1]

On November 10, 2020, the Court granted in part and denied in part Morales's motion for default judgment in his Fair Debt Collection Practices Act (FDCPA) action. Specifically, the Court held that Morales was entitled to relief based on one of his FDCPA claims but not based on others. Doc. 9, Mem. Op. & Order, 11. Further, although the Court recognized that Defendant Rausch

---

[1] The Court hereby incorporates the Background from its previous order addressing the merits of Morales's motion for default judgment. *See* Doc. 9, Mem. Op. & Order, 1–3.

Group & Associates, LLC ("Rausch") violated the FDCPA, the Court concluded it lacked sufficient evidence to determine the amount of damages to award Morales. *Id.* at 11–12. Accordingly, the Court ordered Morales to supplement his motion with documentary proof to substantiate his claimed compensatory and actual damages. *Id.* at 11.

Morales timely submitted additional evidence, so the Court now considers his entitlement to compensatory, actual, and statutory damages, as well as the reasonableness of his claimed attorneys' fees.

## II.

## LEGAL STANDARD

Once a court grants a plaintiff's motion for default judgment, it determines what form of relief, if any, the plaintiff should receive. *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002))). Normally, damages are not awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

A.    *Compensatory Damages*

Morales seeks $2,700.00 in compensatory damages based on his payment to Rausch of

$2,700.00 to settle an alleged debt. Doc. 8-1, Aff. of Pl., ¶ 34. To substantiate this payment, he attaches his executed authorization permitting Rausch to charge his credit card for $2,700.00, as well as two receipts documenting this charge. Doc. 10-1, Authorization, 3; *see generally* Doc. 10-2, Receipts. This evidence is sufficient to establish compensatory damages. Accordingly, the Court awards Morales $2,700.00 in compensatory damages.

B.      *Actual Damages*

Morales next requests actual damages in the amount of $4,800.00 for personal humiliation, embarrassment, mental anguish, and emotional distress stemming from Rausch's debt-collection attempts. *See* Doc. 8, Mot. for Default J., 5. He states in his affidavit that Rausch's correspondence made him "stressed, worried, and anxious," in turn causing "severe headaches," aggravation of blood pressure issues, "trouble sleeping," and an inability "to repair the foundation on [his] home due to lack of funding." Doc. 8-1, Aff. of Pl., ¶¶ 28–29, 41–45. Further, he submitted affidavits from his wife and son, who attest to these effects. Doc. 10-3, Aff. of Ester D. Morales, 2; Doc. 10-4, Aff. of Brandon Morales, 2.

Morales's allegations, however, do not support an award of $4,800.00. As a preliminary matter, the Court has already accounted for Morales's $2,700.00 loss that prevented him from repairing his home by awarding Morales this sum in the form of compensatory damages. Further, Morales himself states that his inability to sleep lasted only three-to-four days. Doc. 8-1, Aff. of Pl., ¶ 45. This short duration makes sense, given that Rausch's communications were limited—Morales alleges that he received three phone calls and an email from Rausch on the same day. *See id.* ¶¶ 6–7, 11, 15. Under these circumstances, Morales is not entitled to an award of $4,800.00, and the Court declines to award him actual damages for alleged mental anguish.

C.      *Statutory Damages*

Next, Morales seeks $1,000.00 in statutory damages. *See* Doc. 8, Mot. for Default J., 5. "[A]ny debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of . . . such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A)."Although [a] Plaintiff is eligible to receive up to $1,000.00, it is within the discretion of the court to assess the proper amount of damages in each case." *Molinar v. Coleman*, 2009 WL 435274, at *2 (N.D. Tex. Feb. 20, 2009) (citations omitted). In awarding statutory damages, the Court considers factors including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance by the debt collector, and the extent to which such noncompliance was intentional . . . ." *Id.* (quoting 15 U.S.C. § 1692k(b)(1)).

As noted above, Morales alleges three phone calls by Rausch, one of which was to Morales's employer, as well as one email from Rausch to Morales. Doc. 8-1, Aff. of Pl., ¶¶ 6–7, 11, 15. Given this limited contact and the lack of evidence suggesting that Rausch intentionally violated the FDCPA, the Court finds $250.00 to be a suitable amount for statutory damages. *See, e.g.*, *Molinar*, 2009 WL 435274, at *2. Accordingly, the Court awards Morales $250.00 in statutory damages.

D.      *Costs and Attorneys' Fees*

Last, Morales requests $7,466.00 in attorneys' fees and court costs, attaching supporting affidavits from four lawyers and a time sheet of tasks related to his suit. Doc. 8, Mot. for Default J., 5–9; Doc. 8-2, Att'y Hours Billed, 2; Doc. 8-3 Att'y Biographies & Affs. In determining a reasonable award of attorneys' fees, the Court first "multipl[ies] the number of hours reasonably expended by the reasonable hourly rate." *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996). After

- 4 -

determining this amount, the Court may then adjust the amount in light of several factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Singer v. City of Waco*, 324 F.3d 813, 829 & n.11 (5th Cir. 2003).

Morales's four attorneys billed a cumulative total of 18.5 hours for work on Morales's lawsuit. *See* Doc. 8-2, Att'y Hours Billed, 2. This amount appears excessive in light of the number of hours typically billed in other FDCPA actions culminating in the entry of default judgment. *See, e.g.*, *Anderson v. E. Asset Servs., LLC*, 2019 WL 2141664, at *5 (N.D. Tex. May 16, 2019) (explaining that the plaintiff's firm billed 9.7 hours); *Batiste v. Hewitt Cap. LLC*, 2019 WL 1778569, at *4 (N.D. Tex. Apr. 23, 2019) (explaining that the plaintiff's firm billed 7.8 hours); *Molinar*, 2009 WL 435274, at *3 (explaining that the plaintiff's firm billed thirteen hours).

And upon review of the attorneys' time sheet here, the Court finds some of the billed hours unreasonable. Specifically, the time sheet states that Lauren Pozna spent a total of 8.1 hours preparing Morales's motion for default judgment—excluding the time she and her colleagues spent "review[ing]" the motion and its attachments. *See* Doc. 8-2, Att'y Hours Billed, 2 (billing 2.9 hours for drafting the motion, 2.1 hours for completing the motion, three hours for revising the motion, and one hour for further revising the motion; billing an additional 3.6 hours for "review" of the motion). But the motion for default judgment is eleven pages, with only the first three pages addressing the merits of Morales's claims. *See* Doc. 8, Mot. for Default J., 1–11. And those three pages merely recite the allegations from Morales's complaint. *Compare id.* at 2–3, *with* Doc. 1, Compl., 6–7. Under these circumstances, the expenditure of 8.1 hours on the drafting of the motion for default judgment is unreasonable, and the Court reduces this number to 5.1 by subtracting Pozna's three-hour time entry for work on the motion billed after the entry suggesting the motion

had been "[c]ompleted[.]" Doc. 8-2, Att'y Hours Billed, 2. Further, the Court subtracts an additional 0.3 hours for time Pozna spent filing documents, as this is an administrative task. *See Moreno v. Perfection Collection, LLC*, 2018 WL 6334837, at *5 (S.D. Tex. Dec. 5, 2018) ("Reasonable hours do not include hours spent on clerical or nonlegal tasks." (citation omitted)).

Likewise, the hourly rates of Morales's attorneys are unreasonable. "The prevailing market rates for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate." *Villegas v. Regions Bank*, 2013 WL 76719, at *3 (S.D. Tex. Jan. 4, 2013) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). The party requesting fees has the burden of establishing a reasonable hourly rate. *Kryptek Outdoor Grp., LLC v. Salt Armour, Inc.*, 2016 WL 7757267, at *5 (E.D. Tex. Mar. 28, 2016) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Here, attorneys Larry Smith and David Marco billed $500.00 per hour; attorney Leroy Scott billed $450.00 per hour; and attorney Lauren Pozna billed $300.00 per hour. Doc. 8-2, Att'y Hours Billed, 2. Though these attorneys extensively describe their experience and qualifications, *see* Doc. 8, Mot. for Default J., 7–8, Doc. 8-3, Att'y Biographies & Affs., they provide no evidence that these rates are reasonable in the Northern District of Texas. And upon review of similar cases, the Court has not found any basis for deeming the rates reasonable. In 2015, the median hourly rate for attorneys in the Dallas area was: for attorneys like Smith with over twenty-five years of experience, $350.00; for attorneys like Marco with twenty years of experience, $300.00; for attorneys like Scott with eight years of experience, $250.00; and for attorneys with two-or-less years of experience like

Pozna, $217.00.[2] Further, the median hourly rate for consumer-law attorneys in the Dallas area was $225.00. *See id.*

In light of these rates and the Court's familiarity with the hourly rates for work on similar FDCPA cases, the Court adjusts each attorney's hourly rate as follows: $325.00 for Smith; $300.00 for Marco; $250.00 for Scott; and $220.00 for Pozna. *See, e.g., Moreno*, 2018 WL 6334837, at *5 (decreasing Smith and Marco's hourly rates in light of the typical rate for FDCPA cases in the district court's location).

Upon reducing Pozna's billed hours by 3.3 and adjusting the hourly rates as listed above, the Court calculates the total amount of each attorney's fees as follows:

| Attorney | Hours Billed | Hourly Rate | Total |
|---|---|---|---|
| Larry Smith | 4 | $325.00 | $1,300.00 |
| David Marco | 1.7 | $300.00 | $510.00 |
| Leroy Scott | 2.2 | $250.00 | $550.00 |
| Lauren Pozna | 7.3 | $220.00 | $1,606.00 |

Adding these sums together, the Court calculates the total attorneys' fees award as $3,966.00. Accounting for the $446.00 in costs incurred in the lawsuit, Doc. 8, Mot. for Default J., 9, the total award for attorneys' fees plus costs is $4,412.00.

Given that the Court finds no basis for further adjusting this amount, the Court need not discuss the *Johnson* factors and awards Morales $4,412.00 in attorneys' fees and costs.

---

[2] *See* State Bar of Texas, Dep't of Res. & Analysis, *2015 Hourly Fact Sheet* (2016), https://www.texasbar.com/AM/Template.cfm?Section=Archives (follow "Hourly Rate Fact Sheet" hyperlink under "2015–2016" heading).

IV.

CONCLUSION

For the foregoing reasons, the Court awards Morales: $2,700.00 in compensatory damages;

$250.00 in statutory damages; and $4,412.00 in attorneys' fees and costs.

SO ORDERED.

SIGNED: January 7, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 8 -